**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**November 16, 2006**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

FELIPE VALADEZ-PEREZ,

Defendant-Appellant.

No. 06-2143
(D.C. No. CR-05-2360-JH)
(D. N.M.)

**ORDER AND JUDGMENT**[*]

Before **BRISCOE**, **LUCERO**, and **HARTZ**, Circuit Judges.

Defendant pled guilty to one charge of reentry of a deported alien previously convicted of an aggravated felony, in violation of 8 U.S.C. § 1326(a)(1) & (2) and 8 U.S.C. § 1326(b)(2). In the plea agreement, defendant and the United States agreed, pursuant to Fed. R. Crim. P. 11(c)(1)(C), that "defendant's final adjusted sentencing guidelines offense level is nineteen (19),

---

[*] This panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

and that defendant's criminal history category will be determined by the United States Probation Office and reflected in the presentence report prepared in this case." Plea Agreement at 3 (dated and filed Nov. 1, 2005). Defendant agreed "that the sentence in this case shall be determined pursuant to the sentencing guidelines, using the offense level agreed upon in this plea agreement, and applying the criminal history category determined by the Court after review of the presentence report." *Id.* Defendant then "knowingly waive[d] the right to appeal any sentence within the statutory range applicable to the statute(s) of conviction." *Id.* at 5.

In sentencing defendant, the district court accepted the plea agreement's stipulated offense level of 19 and, after listening to the parties' respective arguments, it also accepted the criminal history category calculation set forth in the presentence report, which was a category of IV. *See* Tr. of Sentencing Hrg. at 11. These two factors yielded a guideline sentencing range of 46 to 57 months. The district court sentenced defendant to a term of 46 months' incarceration, followed by a three-year term of unsupervised release. The court declined to impose a fine, but it did impose a special assessment of $100.00. The court found the sentence to be reasonable under 18 U.S.C. § 3742(A). As defendant acknowledged in the plea agreement, the maximum sentence the court could have imposed under the applicable statute was up to 20 years' imprisonment, a mandatory term of not more than three years' supervised release, a fine not to

exceed $250,000, and a special penalty assessment of $100.00. *See* Plea
Agreement at 2.

Notwithstanding the appeal waiver in his plea agreement, defendant
appealed. The government has moved to enforce the appeal waiver under *United
States v. Hahn*, 359 F.3d 1315 (10th Cir. 2004) (en banc). For reasons explained
below, we grant the motion and dismiss the appeal.

Under *Hahn*, we consider "(1) whether the disputed appeal falls within the
scope of the waiver of appellate rights; (2) whether the defendant knowingly and
voluntarily waived his appellate rights; and (3) whether enforcing the waiver
would result in a miscarriage of justice." *Id.* at 1325. The miscarriage-of-justice
prong requires the defendant to show (a) his sentence relied on an impermissible
factor such as race; (b) ineffective assistance of counsel in connection with the
negotiation of the appeal waiver rendered the waiver invalid; (c) his sentence
exceeded the statutory maximum; or (d) his appeal waiver is otherwise unlawful.
*Id.* at 1327. The government's motion addresses these considerations, explaining
why none of them undermines defendant's appeal waiver. Upon review of the
pertinent plea and sentencing materials, we agree.

In response to the government's motion, defendant's counsel "agree[d] with
the government's contention that the defendant waived his right to appeal the
sentence in this case pursuant to the 11(c)(1)(C) plea agreement that was entered
into by the parties," stated that he did not have "a legitimate basis for contesting

the government's Motion," and noted his intent to submit a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), and to seek leave to withdraw should the appeal go forward. Response to Government's Motion for Enforcement of Plea Agreement at 2. Subsequently, this court provided defendant with copies of the government's motion and counsel's response and gave him the opportunity to argue why this appeal should be heard despite his appeal waiver. He did not respond.

We have carefully reviewed the plea agreement and the transcript of the hearing at which defendant entered his guilty plea. We conclude that the *Hahn* factors have been satisfied.

Accordingly, we GRANT the government's motion to enforce the plea agreement and DISMISS the appeal. The mandate shall issue forthwith.

ENTERED FOR THE COURT
PER CURIAM